UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

AMY SMITH,

                          Plaintiff,        **1:15-cv-00795-MAT**

                                          **DECISION AND ORDER**

            -vs-

NANCY A. BERRYHILL, Acting Commissioner
of Social Security,

                          Defendant.

---

## I. INTRODUCTION

Represented by counsel, Amy Smith ("Plaintiff") has brought this action pursuant to Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security[1] ("Defendant" or "the Commissioner") denying her application for disability insurance benefits ("DIB"). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion is denied and Defendant's motion is granted.

---

[1] Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 23, 2017. The Clerk of the Court is instructed to amend the caption of this case pursuant to Federal Rule of Civil Procedure 25(d) to reflect the substitution of Acting Commissioner Berryhill as the defendant in this matter.

## II. PROCEDURAL BACKGROUND

On June 12, 2012, Plaintiff protectively filed a Title II application for DIB, alleging disability beginning August 2, 2010, due to complex regional pain syndrome ("CRPS"). Administrative Transcript ("T.") 65, 130, 134. Plaintiff's application was initially denied and she timely requested a hearing, which was held before administrative law judge ("ALJ") Timothy M. McGuan on November 14, 2013. T. 39-64. On November 19, 2013, the ALJ issued an unfavorable decision. T. 16-30. Plaintiff's request for review was denied by the Appeals Council on July 8, 2015, making the ALJ's decision the final decision of the Commissioner. T. 1-3. Plaintiff then timely commenced this action.

## III. THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. § 404.1520(a). Initially, the ALJ found that Plaintiff last met the insured status requirements of the Acton December 31, 2012. T. 21. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from August 2, 2010, the alleged onset date, through December 31, 2012, the date last insured. *Id.*

At step two, the ALJ determined that, through the date last insured, Plaintiff had the severe impairments of moderate right carpal tunnel syndrome, CRPS with pain in the wrist and elbow,

obesity, early spondylosis, and "a tiny C7-T1 disc herniation." *Id.*

At step three, the ALJ considered Plaintiff's impairments and found that, singly or in combination, they did not meet or medically equal the severity of a listed impairment. T. 23. In particular, the ALJ considered Listings 1.02 and 1.04, as well as the neurological disorders found in section 11.00. T. 23-24.

Prior to proceeding to step four, the ALJ determined that, through the date last insured, Plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. 404.1567(a), with the following additional limitations: no limitations in her ability to sit, stand, or walk; can lift up to ten pounds frequently; cannot use dominant upper extremity to lift, carry, finger, or handle; should avoid concentrated exposure to cold temperatures. T. 24.

At step four, the ALJ determined that, through the date last insured, the claimant was unable to perform any past relevant work. T. 28. At step five, the ALJ relied on a vocational expert's testimony to find that there are other jobs that exist in significant numbers in the national economy and state-wide that Plaintiff can perform, including receptionist and telephone operator. T. 28-29. The ALJ accordingly found that Plaintiff was not disabled as defined in the Act. T. 29.

**IV. DISCUSSION**

**A. Scope of Review**

When considering a claimant's challenge to the decision of the Commissioner denying benefits under the Act, a district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. *See* 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). Although the reviewing court must scrutinize the whole record and examine evidence that supports or detracts from both sides, *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted), "[i]f there is substantial evidence to support the [Commissioner's] determination, it must be upheld." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).

In this case, Plaintiff contends that the ALJ's RFC finding was not supported by substantial evidence, because (1) the ALJ did not properly apply Social Security Ruling ("SSR") 03-02p, which relates to the handling of cases involving CRPS, (2) the ALJ failed to meaningfully consider plaintiff's obesity, and (3) the ALJ failed to properly apply SSR 96-9p as it relates to significant manipulative limitations. Plaintiff further contends that the

ALJ's assessment of her credibility was flawed. For the reasons set forth below, the Court finds these arguments without merit.

**B. Application of SSR 03-02p**

Plaintiff's first argument is that the ALJ failed to properly consider and apply SSR 03-02p. SSR 03-02p was effective October 20, 2003, and sets forth the policies of the Social Security Administration for considering cases involving either reflex sympathetic dystrophy syndrom or CRPS. SSR 03-02p notes that claims involving CRPS are adjudicated using the same sequential evaluation as all other claims, but "requires careful consideration of certain factors unique to the condition." *Cooley v. Colvin*, No. 12-CV-1284 (NAM/VEB), 2013 WL 12224205, at *3 (N.D.N.Y. Oct. 15, 2013). As Plaintiff points out, SSR 03-02 particularly notes that it is characteristic of CRPS for the degree of pain reported to be out of proportion to the severity of the physical injury.

Plaintiff contends that, in this case, "the ALJ failed to apply [SSR 03-02p] in any meaningful way." Docket No. 8-1 at 13. This contention lacks support in the record. At step two of the sequential analysis, the ALJ expressly stated that, because there is no listing covering CRPS, he had "considered and evaluated this impairment in accordance with Social Security Ruling 03-02p." T. 23. In making his RFC determination, and in full accord with SSR 03-02p, the ALJ considered in detail Plaintiff's medical treatment for her right arm and hand, including the fact that there

were significant time periods during which Plaintiff engage in no such treatment, and the fact that her treating physician, Dr. David L. Bagnall, opined that she was capable of gainful employment. T. 26-28. The ALJ specifically noted that Dr. Bagnall was fully aware of all of Plaintiff's reports of pain and limitations and that he had nevertheless concluded on at least three occasions that she was capable of working with restrictions. T. 28. SSR 03-02p expressly instructs ALJs to pay particular attention to "[o]pinions from an individual's medical sources, especially treating sources, concerning the effect(s) of . . . CRPS on the individual's ability to function in a sustained manner in performing work activities." Here, the ALJ did just that. Accordingly, the Court finds no error in the ALJ's application of SSR 03-02p. *See Roe v. Colvin*, No. 1:13-CV-1065 GLS, 2015 WL 729684, at *4 (N.D.N.Y. Feb. 19, 2015) (ALJ properly applied SSR 03-02p where he relied on medical records that "included the impact of CRPS, including pain, on [the plaintiff's] ability to work").

**C. The ALJ Properly Considered Plaintiff's Obesity**

Plaintiff next argues that the ALJ failed to meaningfully consider the impact of her morbid obesity on her ability to function. This argument is also not supported by the record.

"Obesity is not in and of itself a disability," but "[a]n ALJ should consider whether obesity, in combination with other impairments, prevents a claimant from working." *Guadalupe v. Barnhart*, No. 04 CV 7644 HB, 2005 WL 2033380, at *6 (S.D.N.Y.

Aug. 24, 2005). SSR 02-1p provides that, in assessing RFC, an ALJ shall consider "the effect obesity has upon the individual's ability to perform routine movement and necessary physical activity within the work environment." An ALJ may account for a claimant's obesity in an RFC finding "by relying on medical reports that . . . note[] [the claimant's] obesity and provide[] an overall assessment of her work-related limitations." *Drake v. Astrue*, 443 F. App'x 653, 657 (2d Cir. 2011); *see also Guadalupe*, 2005 WL 203380 at *6 ("When an ALJ's decision adopts the physical limitations suggested by reviewing doctors after examining the Plaintiff, the claimant's obesity is understood to have been factored into the[] decision[].").

In this case, the ALJ found at step two that Plaintiff's obesity was a severe impairment. T. 21. In assessing Plaintiff's RFC, the ALJ relied upon the opinion of Dr. Bagnall, who noted that Plaintiff had a morbidly obese BMI, yet opined that she was capable of employment with restrictions. *See* T. 429-438. The ALJ ultimately restricted Plaintiff to a limited range of sedentary work, thereby incorporating significant limitations set forth by the medical sources of record. Plaintiff has not identified any restrictions allegedly associated with her obesity that are not accounted for in the ALJ's RFC finding, nor does the medical evidence of record support any such additional restrictions. Under these circumstances, Plaintiff has failed to demonstrate that the ALJ's assessment of her obesity was improper or erroneous.

### D. Application of SSR 96-9p

Plaintiff next argues that the ALJ failed to comply with the requirements of SSR 96-9p, which explains the Social Security Administration's polices regarding the impact of an RFC assessment for less than a full range of sedentary work. In particular, Plaintiff argues that the ALJ's determination that she was not disabled despite her extremely limited ability to use her right (dominant) arm and hand is consistent with the statement in SSR 96-9p that "any significant manipulative limitation of an individual's ability to handle and work with small objects with both hands will result in a significant erosion of the unskilled sedentary occupational base." Docket No. 8-1 at 14 (quoting SSR 96-9p).

Plaintiff's reliance on the quoted portion of SSR 96-9p is misplaced. Under SSR 96-9p, a finding of a significant manipulative limitation "does not automatically dictate a finding of disability." *Fox v. Comm'r of Soc. Sec.*, No. 6:02-CV-1160, 2009 WL 367628, at *19 (N.D.N.Y. Feb. 13, 2009). Instead, an ALJ is instructed to consult a vocational expert ("VE") "to determine the extent of the erosion." *Id.*; *see also Colon v. Comm'r of Soc. Sec.*, No. 6:00CV0556 (GLS), 2004 WL 1144059, at *9 (N.D.N.Y. Mar. 22, 2004) ("SSR 96–9p specifically emphasizes that a finding that an individual has the ability to do less than a full range of sedentary work does not necessarily equate with a decision of disabled. Furthermore, the mere inability to perform substantially all sedentary unskilled occupations does not equate with a finding

of disability. There may be . . . jobs that exist in significant numbers, that an individual may still be able to perform even with a sedentary occupational base that has been eroded. The significant erosion of one's occupational base neither ends the inquiry, nor mandates a finding of disability.") (internal quotation omitted).

In this case, the ALJ properly consulted a VE to determine to what extent Plaintiff's occupational base was eroded by her limited ability to use her dominant hand. The VE testified that an individual with such a limitation could perform work as a receptionist or telephone operator and, in response to questioning from Plaintiff's attorney, explained in detail the basis for his opinion that these occupations could be performed with one hand. T. 56-60. This inquiry by the ALJ satisfied the requirements of SSR 96-9p.

Plaintiff makes much of the fact that, in response to a question from her attorney, the VE stated that he had not personally observed these jobs being done with one hand. Docket No. 8-1 at 14 (citing T. 60-61)). However, Plaintiff has cited no authority, nor has the Court found any such authority in its own research, for the proposition that a VE must have personally observed an occupation being performed in a particular way in order to credibly testify that it is possible. To the contrary, a VE, like all experts, is permitted to reach reasonable conclusions based on their specialized knowledge and training.

In short, Plaintiff has not shown that the ALJ improperly applied SSR 96-9p, nor has she shown that the VE's testimony was not credible. As such, remand on this basis is not warranted.

**E. Assessment of Plaintiff's Credibility**

Plaintiff's final argument is that the ALJ erred in assessing her credibility. The Court finds this argument without merit.

"Because the ALJ has the benefit of directly observing a claimant's demeanor and other indicia of credibility, his decision to discredit subjective testimony is entitled to deference and may not be disturbed on review if his disability determination is supported by substantial evidence." *Hargrave v. Colvin*, 2014 WL 3572427, at *5 (W.D.N.Y. July 21, 2014) (internal quotation omitted). In this case, the ALJ amply supported his conclusion that Plaintiff was less than fully credible.

First, the ALJ noted that there were inconsistencies between Plaintiff's statements and the medical record. T. 27. For example, Plaintiff claimed that Dr. Bagnall had never discussed work-related restrictions with her, despite the fact that his treatment notes indicated he had done so on three separate occasions. *Id*. Similarly, the ALJ noted that Plaintiff's statement that another of her physicians had taken her out of work indefinitely was contradicted by her treatment records. *Id*. The ALJ properly considered these discrepancies in assessing Plaintiff's credibility. *See Torres v. Colvin*, No. 12 CIV. 6527 ALC SN, 2014 WL 4467805, at *23 (S.D.N.Y. Sept. 8, 2014) ("The

inconsistencies between [the claimant's] oral testimony and the documentary record, as well as the internal inconsistencies in the documentary record, constitute substantial evidence supporting the ALJ's negative credibility determination.").

Second, the ALJ noted that Plaintiff's work history was inconsistent, and therefore did not "raise a favorable inference of an individual well-motivated to work within her capabilities." T. 28. "[A] claimant's efforts to work are a legitimate factor in considering credibility." *Bethea v. Astrue*, No. 3:10-CV-744 JCH, 2011 WL 977062, at *13 n. 3 (D. Conn. Mar. 17, 2011).

Third, the ALJ found that Plaintiff's subjective complaints were inconsistent with her activities, and that she had gone for significant periods of time without seeking treatment for her right arm. These were both appropriate considerations in assessing Plaintiff's credibility. *See, e.e. Lasalle v. Colvin*, No. 14-CV-872-JTC, 2016 WL 420589, at *6 (W.D.N.Y. Feb. 4, 2016); *Thibault v. Astrue*, No. 5:10-CV-188, 2011 WL 5024460, at *6 (D. Vt. Oct. 20, 2011).

Plaintiff's contention that the ALJ's credibility determination was unsupported by substantial evidence is meritless. The ALJ properly considered a number of factors in reaching his credibility determination, and this Court will not disturb it. Accordingly, remand is not required on this basis.

## V. Conclusion

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (Docket No. 8) is denied and the Commissioner's motion for judgment on the pleadings (Docket No. 12) is granted. Plaintiff's complaint is dismissed in its entirety with prejudice. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                    **S/Michael A. Telesca**

                                    _____

                                    HON. MICHAEL A. TELESCA
                                    United States District Judge

Dated:    February 16, 2018
            Rochester, New York